**DANIEL L. HARRALSON, #109322**
THE DANIEL HARRALSON LAW FIRM
A Professional Corporation
P.O. Box 26688
Fresno, California 93729-6688
Telephone (559) 486-4560
Facsimile (559) 486-4320

Attorney for Plaintiff:   CHRISTIAN ACOSTA, PHILLIP ESCOBAR, JUAN ROMERO, MIGUEL ROMERO, AND JOSEPH SIGALA.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN ACOSTA, PHILLIP ESCOBAR, JUAN ROMERO, MIGUEL ROMERO AND JOSEPH SIGALA. <br><br> Plaintiff, <br><br> vs. <br><br> JAMES TOURNER, D. MEDINA, E. OVALLE, CHIEF JERRY DYER, FRESNO POLICE DEPARTMENT, CITY OF FRESNO, and DOES 1 THROUGH 100 INCLUSIVE, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** |

**COMPLAINT FOR DAMAGES**

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. Section 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(3) and (4) and the aforementioned said statutory and constitutional provisions.

2. PLAINTIFFS seek an order of this court enjoining the City of Fresno from engaging in certain specified unconstitutional conduct and a declaration by the Court that such conduct is unconstitutional, all pursuant to 28 U.S.C. Section 1343(4).

**PARTIES**

3. PLAINTIFFS CHRISTIAN ACOSTA, PHILLIP ESCOBAR, JUAN ROMERO, MIGUEL ROMERO AND JOSEPH SIGALA, are and were, at all times herein relevant, citizens of the United States and residents of the State of California.

4. DEFENDANT JAMES TOURNER was at all times mentioned herein a duly appointed Fresno County Deputy Sheriff.  At the time of the incident, DEFENDANT TOURNER was off duty.

5. DEFENDANT D. MEDINA AND DEFENDANT E. OVALLE were at all times mentioned herein duly appointed and acting police officers for the Fresno Police Department, and at all times herein were acting in such capacity as the agent, servant, and employee of the City of Fresno.  They are sued individually.

6. DEFENDANT JERRY DYER was at all times mentioned herein duly appointed as the Chief of Police for the Fresno Police Department, and at all times herein was acting in such capacity as the agent, servant, and employee of the City of Fresno.  DEFENDANT DYER is being sued individually.

7. The DEFENDANT CITY OF FRESNO is a municipality, duly incorporated under the laws of the Sate of California.

8. The true names and capacities of DOE DEFENDANTS 1 through 100 are presently unknown to the PLAINTIFFS.  PLAINTIFFS are informed and believe, and based upon such belief allege, that each said DOE DEFENDANTS are responsible for the damages suffered by the PLAINTIFFS. Leave of Court will be sought to amend this complaint to include the true names and capacities of the DOE DEFENDANTS as soon as such information, becomes known to the PLAINTIFFS.

**FIRST CAUSE OF ACTION**

9. On March 5, 2008, at approximately 11:30 P.M., DEFENDANT JAMES TOURNER, hereinafter referred to as DEFENDANT TOURNER, was playing pool with his girlfriend at the Diamond Billiards, in Fresno, California. While at the Diamond Billiards, DEFENDANT TOURNER was attached by a Hispanic Male, who used a pool cue to strike DEFENDANT TOURNER in the back. The Hispanic male was accompanied by four other Hispanic males. After the altercation, the Hispanic males left Diamond Billiards.

10. DEFENDANT Police officers D. MEDINA and E. OVALLE, responded to the scene at Diamond Billiards. Subsequently, DEFENDANTS MEDINA and OVALLE went looking for suspects.

11. PLAINTIFFS CHRISTIAN ACOSTA, PHILLIP ESCOBAR, JUAN ROMERO, MIGUEL ROMERO AND JOSEPH SIGALA, hereinafter referred to as the PLAINTIFFS, were at all times mentioned herein, residents of the County of Sacramento. All the Plaintiffs, at the time of this incident, were employed by Environmental Development Group, based out of Sacramento, California. PLAINTIFFS were in Fresno as a work crew, doing work at local Fresno Walmart stores. While working in Fresno, the PLAINTIFFS were staying at the Econo Lodge Motel.

12. On the night of March 5, 2008, PLAINTIFFS walked from the Econo Lodge Motel to an establishment called "The Other Bar" to watch an NBA basketball game. After the game, PLAINTIFFS began their walk back to the motel. During their walk back to the motel, the PLAINTIFFS were stopped by DEFENDANT OFFICERS MEDINA and OVALLE.

13. At all times relevant hereto and in all of their actions described herein, DEFENDANTS MEDINA, OVALLE AND DOE DEFENDANTS 1 through 100 were acting under color of law and pursuant to their authority as law enforcement personnel.

14. DEFENDANTS MEDINA and OVALLE detained PLAINTIFFS and called DEFENDANT TOURNER to the location where the PLAINTIFFS were being held. DEFENDANT TOURNER mis-

identified PLAINTIFF SIGALA as the person who hit him with the cue stick and the other four PLAINTIFFS as the other four Hispanics who were at the Diamond Billiards.

15. DEFENDANTS MEDINA and OVALLE failed to investigate further as to whether PLAINTIFFS had been at the Diamond Billiards.  PLAINTIFFS informed DEFENDANTS MEDINA and OVALLE, that they had been at "The Other Bar" watching the basketball game.  DEFENDANTS MEDINA and OVALLE, failed to investigate further whether PLAINTIFFS had been at "The Other Bar."  Had DEFENDANTS MEDINA and OVALLE properly investigated the statements made by the PLAINTIFFS, DEFENDANTS MEDINA and OVALLE would have discovered that PLAINTIFFS had an alibi for their whereabouts during the attack on DEFENDANT TOURNER.

16. Furthermore, witnesses stated that the actual attackers were younger than the age of the PLAINTIFFS and the clothes worn by PLAINTIFFS did not match the clothing worn by the actual attackers.

17. Since DEFENDANTS MEDINA and OVALLE failed to properly investigate the PLAINTIFFS' alibi, PLAINTIFFS were wrongly arrested, taken into custody and charged with Assault with a Deadly Weapon, pursuant to the California Penal Code.  At the time DEFENDANTS arrested PLAINTIFFS, DEFENDANTS had no reasonable probable cause to believe that PLAINTIFFS had committed the assault and battery on DEFENDANT TOURNER.

18. Four of the PLAINTIFFS, as a consequence of their arrests spent two weeks in custody in the Fresno County Jail.

19. As a further consequence of their arrest, all the PLAINTIFFS lost their employment with Environmental Development Group.  As a result of the loss of their employment and subsequent loss of wages, PLAINTIFFS suffered severe economic losses, ranging from eviction from their dwellings, being late with their payments to their creditors, plus the stigma of being arrested for a crime they did not commit.

20. Charges were filed by the Fresno District Attorney against all the PLAINTIFFS, but upon further investigation, on April 16, 2008, at the PLAINTIFFS' Pre Preliminary hearing the charges were dismissed on a motion by District Attorney's Office.

21. As a direct and proximate result of the aforesaid acts and omissions of the DEFENDANTS, and each of them, PLAINTIFFS were denied their right to freedom from the seizure of their person without warrant lawfully issued, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. Section 1983.

22. As a further direct and proximate result of the acts and omissions of the DEFENDANTS, PLAINTIFFS were denied due process of law as secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1983.

23. As a further direct and proximate result of the acts and omissions of the DEFENDANTS, PLAINTIFFS sustained grave anxiety and mental suffering.

24. At all times relevant to this complaint, DEFENDANT POLICE CHIEF JERRY DYER, hereinafter referred to as DEFENDANT DYER, was the Chief of Police for the Fresno Police Department, and as such he was the commanding officer of DEFENDANTS MEDINA, OVALLE, AND DOE DEFENDANTS.  DEFENDANT DYER is further responsible by law for enforcing the regulations of the City of Fresno and for ensuring that the City of Fresno police officers obey the laws of the State of California and the Untied States of America.

25. DEFENDANT CITY OF FRESNO is a municipal corporation, organized and existing under the laws of the State of California.

26. At all times referred to herein, all the DEFENDANTS acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of California and the United States.

## COUNT 1

For their Cause of Action against DEFENDANT MEDINA, DEFENDANT OVALLE and DEFENDANT DYER, and DOES 1 through 100, in Count 1, PLAINTIFFS state:

1. By this reference, PLAINTIFFS incorporate each and every allegation and averment set forth in paragraphs 1 through 26 of this complaint as though fully set forth herein.

2. As a direct and proximate result of the above-referenced unlawful and malicious arrest of PLAINTIFFS by DEFENDANT MEDINA, DEFENDANT OVALLE, and DOES 1 through 100, committed under color of law and under their authority as CITY OF FRESNO police officers, PLAINTIFFS suffered grievous personal injuries and were deprived of their right to be secure in their person against unreasonable seizure of their person, in violation of the Fourth and Fourteenth Amendments of the Constitution of The United States.

3. As a direct and proximate result of the malicious and outrageous conduct of DEFENDANT MEDINA, DEFENDANT OVALLE, and DEFENDANT DOES 1 through 100, as set forth above PLAINTIFFS suffered severe and permanent injuries and damages including severe emotional distress, loss of income, and loss of employment, causing PLAINTIFFS great anguish, fear, and consternation. Additionally, PLAINTIFFS have suffered lost wages and will suffer additional special damages in the future in an amount, which cannot yet be determined.

4. The acts of DEFENDANT MEDINA, DEFENDANT OVALLE, and DOES 1 through 100, as set forth above were intentional, wanton, malicious and oppressive, thus entitling PLAINTIFFS to an award of punitive damages.

## COUNT 2

For their Cause of Action against DEFENDANT DYER and DEFENDANT CITY OF FRESNO, PLAINTIFFS state:

1.      By this reference, PLAINTIFF incorporates each and every allegation and averment set forth in paragraphs 1 through 26 of this complaint and paragraphs 1 through 4 in Count 1 as though fully set forth herein.

2.      Prior to the incident-involving PLAINTIFF, DEFENDANT DYER had learned of several previous incidents involving DEFENDANT MEDINA, DEFENDANT OVALLE, and DEFENDANT DOES 1 through 100, wherein those officers had used unreasonable and unlawful police procedures in the arrest of others.  DEFENDANT DYER took no action to discipline DEFENDANT MEDINA, DEFENDANT OVALLE and DEFENDANT DOES 1 through 100 or to order them not to repeat such incidents, thus tacitly authorizing such conduct.  If DEFENDANT DYER had taken such remedial action, the unlawful arrests of the PLAINTIFFS would not have occurred.

3.      The City Council of FRESNO is vested by state law with the authority to make policy for the city on the use of reasonable and lawful arrests.  The City Counsel members were aware of a pattern of unreasonable and unlawful arrests by police officers employed by the DEFENDANT CITY OF FRESNO; they were aware that the city's policies regarding the discipline of officers accused of unreasonable and unlawful arrests were so inadequate that it was obvious that a failure to correct them would result in further incidents of unreasonable and unlawful arrests; and the failure to correct said policies caused the unreasonable and unlawful arrests of PLAINTIFFS as set forth above.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

4.      At all times relevant to this complaint, DEFENDANT MEDINA, DEFENDANT OVALLE and DEFENDANT DOES 1 through 100, as police officers of the CITY OF FRESNO, were acting under the direction and control of DEFENDANTS DYER and the CITY OF FRESNO, and were acting pursuant to the official policy, practice, or custom of the CITY OF FRESNO.

5.      Acting under color of law and pursuant to official policy, practice, or custom, DEFENDANTS DYER and the CITY OF FRESNO intentionally, knowingly, and recklessly failed to instruct, supervise, control and discipline, on a continuing basis, DEFENDANT MEDINA, DEFENDANT OVALLE and

DEFENDANT DOES 1 through 100, in their duties to refrain from unreasonably, unlawfully and maliciously detaining and arresting PLAINTIFFS, violating their Fourth Amendment rights.

6.      Acting under color of law and pursuant to official policy, practice, or custom, DEFENDANTS DYER and the CITY OF FRESNO intentionally, knowingly, and recklessly failed to instruct, train, and supervise DEFENDANT MEDINA, DEFENDANT OVALLE and DEFENDANT DOES 1 through 100, on a continuing basis in the correct procedure for making a reasonable and lawful arrest.

7.      DEFENDANT DYER and the CITY OF FRESNO had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. DEFENDANTS DYER and the CITY OF FRESNO had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

8.      DEFENDANTS DYER and the CITY OF FRESNO, directly or indirectly , under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of DEFENDANT MEDINA, DEFENDANT OVALLE and DEFENDANT DOES 1 through 100, heretofore described.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

9.      As a direct and proximate result of the acts of DEFENDANT DYER and the CITY OF FRESNO, as set forth herein, PLAINTIFFS suffered lost wages, loss of employment and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

10.     The acts of DEFENDANT DYER as set forth above were wanton, malicious, and oppressive, thus entitling PLAINTIFFS to an award of punitive damages.

WHEREFORE, PLAINTIFFS respectfully pray judgment as follows:

1. For compensatory damages against all DEFENDANTS in an amount proved at trail;

2. For exemplary and punitive damages against DEFENDANT MEDINA, DEFENDANT OVALLE , DEFENDANT DYER, DEFENDANT CITY OF FRESNO, and DEFENDANT DOES 1 through 100, in an amount to be proven at trial;

3. For costs of suit herein, including PLAINTIFFS' reasonable attorney's fees; and

4. For such other and further relief as the court deems proper.

DATED:  September 1,  2009   **THE DANIEL HARRALSON LAW FIRM**
A Professional Corporation

/s/ Daniel l. harralson

**DANIEL L. HARRALSON, ESQ.**
Attorney for Plaintiff