IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN ACOSTA, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JAMES TOURNER, et al.,<br><br>　　　　　　Defendants. | NO. 1:09-CV-01560 AWI GSA<br><br>ORDER DENYING DEFENDANT CITY OF FRESNO'S MOTION TO DISMISS<br><br>(Document #10) |

**BACKGROUND**

On September 1, 2009, Plaintiffs filed a complaint for damages pursuant to 42 U.S.C. § 1983.  Plaintiffs allege that Defendants unreasonably seized them in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

Defendant City of Fresno was served with the complaint on April 5, 2010, 216 days after the complaint was filed.  Additional defendants were served in May of 2010.

On April 26, 2010, Defendant City of Fresno filed a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.   Defendants contend that the complaint is subject to dismissal because Defendant City of Fresno was not served within the 120 day time limit required by Rule 4(m) of the Federal Rules of Civil Procedure.

On May 10, 2010, Plaintiffs filed an opposition to Defendant City of Fresno's motion to dismiss.   Plaintiffs contend that they have good cause for their failure to serve the complaint

1  within 120 days.

2  On May 13, 2010, Defendant City of Fresno filed a reply.

**FACTS**

**A.  Facts Alleged in the Complaint**

The complaint alleges that Plaintiffs are residents of the County of Sacramento.  The complaint alleges that at the time of the incident they were employed by Environmental Development Group, a company based out of Sacramento, California.  The complaint alleges that Plaintiffs were in Fresno as a work crew, and they were doing work at local Fresno Walmart stores. The complaint alleges that Plaintiffs were staying at the Econo Lodge Motel while working in Fresno.

The complaint alleges that on March 5, 2008, at approximately 11:30 p.m., Defendant James Tourner was playing pool with his girlfriend at the Diamond Billiards, in Fresno, California.  The complaint alleges that Defendant Tourner was attacked by a Hispanic Male.  The Hispanic male was accompanied by four other Hispanic males. After the altercation, the Hispanic males left Diamond Billiards.  The complaint alleges that Defendant Police officers D. Medina and E. Ovalle responded to the scene at Diamond Billiards, and then they went looking for suspects.

The complaint alleges that on the night of March 5, 2008, Plaintiffs walked from the Econo Lodge Motel to an establishment called "The Other Bar" to watch an NBA basketball game.  The complaint alleges that while Plaintiffs were walking back to the motel, Plaintiffs were stopped by Defendants Median and Ovalle.   Defendants Median and Ovalle called  Defendant Tourner to the location.   The complaint alleges that Defendant Tourner mis-identified Plaintiff Sigala as the person who hit him and the other four Plaintiffs as the other four Hispanics who were at the Diamond Billiards.

The complaint alleges Defendants Median and Ovalle failed to investigate further as to whether Plaintiffs had been at the Diamond Billiards.  The complaint alleges Plaintiffs informed

2

Defendants Medina and Ovalle that they had been at "The Other Bar" watching the basketball game.  The complaint alleges Defendants Median and Ovalle failed to investigate whether Plaintiffs had been at "The Other Bar."  The complaint alleges that had Defendants Medina and Ovalle properly investigated Plaintiffs' statements, they would have discovered that Plaintiffs had an alibi.  The complaint alleges that witnesses at Diamond Billiards stated the actual attackers were younger than Plaintiffs and Plaintiff's clothing did not match the clothing worn by the actual attackers.

The complaint alleges that because Defendants Median and Ovalle failed to properly investigate, Plaintiffs were wrongly arrested, taken into custody, and charged with Assault with a Deadly Weapon.  The complaint alleges that at the time Defendants arrested Plaintiffs, they had no probable cause to believe that Plaintiffs had committed the assault and battery.

The complaint alleges that four Plaintiffs spent two weeks in custody at the Fresno County Jail.

The complaint alleges that charges were filed by the Fresno District Attorney against all Plaintiffs.  The complaint alleges that on April 16, 2008, at the Plaintiffs' Pre Preliminary hearing, the Fresno District Attorney's Office dismissed the charges.

The complaint alleges that all Plaintiffs lost their employment with the Environmental Development Group as a consequence of their arrest.  The complaint alleges that, because of the lost wages, Plaintiffs suffered severe economic losses, ranging from eviction from their dwellings, being late with their payments to their creditors, and the stigma of being arrested for a crime they did not commit.

The complaint alleges that the Fresno City Council makes policy for Defendant City of Fresno on the use of reasonable and lawful arrests. The complaint alleges that the Fresno City Council Members were aware of a pattern of unreasonable and unlawful arrests by police officers and were aware that the city's policies regarding the discipline of officers accused of unreasonable and unlawful arrests were so inadequate that it was obvious further incidents of

unreasonable and unlawful arrests would occur.   The complaint alleges that the failure to correct said policies caused the unreasonable and unlawful arrests of Plaintiffs as set forth above.

**B.  Facts Pertaining to Service on Defendant City of Fresno**

The incident underlying this action took place on March 5, 2008.

Daniel L. Harralson is the attorney of record for Plaintiffs.   Attorney Harralson took basic information about the underlying incident from Plaintiffs in 2008.  Between the time Attorney Harralson's Office signed up Plaintiffs as clients and the filing of the complaint, Attorney Harralson's Office lost contact with Plaintiffs.

On September 1, 2009, Attorney Harralson, on behalf of Plaintiffs, filed the complaint. Attorney Harralson filed the complaint in order to protect Plaintiffs' statute of limitations.

Until February or March 2010, Attorney Harralson was uncertain whether Plaintiffs still wanted Attorney Harralson to represent them in this action because his office had lost contact with Plaintiffs.

Once Attorney Harralson made contact with Plaintiffs, Attorney Harralson instructed his office to serve Defendant City of Fresno.

Plaintiffs served Defendant City of Fresno with the complaint on April 5, 2010, 216 days after the complaint was filed.

## LEGAL STANDARD

The court can dismiss a complaint for failure to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

1  Rule 4(m) permits a district court to grant an extension of time to serve the complaint. Mann v.
2  American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003).   The court may even extend "time for
3  service retroactively after the 120 day service period has expired." U.S. v. 2,164 Watches, More
4  or Less Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 772 (9th Cir. 2004);
5  Mann, 324 F.3d at 1090.   Rule 4(m) gives the court leeway to preserve meritorious lawsuits
6  despite untimely service of process.   2,164 Watches, 366 F.3d at 772.

7     "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the
8  prescribed time period for the service of a complaint."   In re Sheehan, 253 F.3d 507, 512 (9th Cir.
9  2001).   If the plaintiff shows good cause for failing to service, the court is required to extend the
10 time period. Lemoge v. U.S., 587 F.3d 1188, 1198 (9th Cir. 2009); Efaw v. Williams, 473 F.3d
11 1038, 1040 (9th Cir. 2007); In re Sheehan, 253 F.3d at 512.   Good cause may be demonstrated by
12 establishing, at minimum, excusable neglect, and may require the plaintiff to show: "(a) the party
13 to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no
14 prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."
15 Lemoge, 587 F.3d at 1198 n.3.   If there is no good cause, the court has discretion to either dismiss
16 the complaint without prejudice or to extend the time period to serve the complaint.   Lemoge,
17 587 F.3d at 1198;   Efaw, 473 F.3d at 1040;   In re Sheehan, 253 F.3d at 512.

18     The court has broad discretion under Rule 4(m) to extend time for service even without a
19 showing of good cause.   Efaw, 473 F.3d at 1040;   2,164 Watches, 366 F.3d at 772.   Rule 4's 120
20 day time period for service "operates not as an outer limit subject to reduction, but as an
21 irreducible allowance."   Henderson v. United States, 517 U.S. 654, 661 (1996).   In making
22 extension decisions under Rule 4(m) a district court may consider factors like a statute of
23 limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.   Scott
24 v. Sebelius,   2010 WL 1972077, at *1 (9th Cir. 2010); Efaw, 473 F.3d at 1041.
25 //
26
27
28                                                5

**DISCUSSION**

Even if there is an absence of good cause in this action, the court will allow late service. In this case, Plaintiffs' Attorney has provided evidence that he lost contact with his clients. Plaintiffs' Attorney filed the action in an attempt to preserve Plaintiffs' statute of limitations. Had Plaintiffs' Attorney not filed the complaint when he did, this action would now be time barred. The fact Plaintiffs cannot re-file this action is a ground to excuse the late service. See Lemoge, 587 F.3d at 1198 (holding relief was appropriate under Rule 4(m) in light of the plaintiffs being time-barred from re-filing their action).

The delay in this case is not extensive. While 216 days to serve a Defendant is lengthy, it is not so long that Defendant City of Fresno's ability to defend this case has been compromised by a lengthy passage of time. There is no argument or evidence that pertinent records have been destroyed or relevant witnesses can no longer remember the events underlying this action. Thus, the court sees little prejudice to Defendant City of Fresno based on Plaintiffs' service delay. See Efaw, 473 F.3d at 1041 (finding district court abused its discretion in extending service after a seven year delay).

Therefore, the court concludes that relief under Rule 4(m) is appropriate. The court finds that the prejudice which would be suffered by Plaintiffs coupled with the mere four month delay in timely serving the summons and complaint justify extending the time for service.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendant City of Fresno's motion to dismiss is DENIED; and
2. The court retroactively extends Rule 4(m)'s service period as to Defendant City of Fresno to April 5, 2010.

IT IS SO ORDERED.

Dated:   July 15, 2010

CHIEF UNITED STATES DISTRICT JUDGE