IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN ACOSTA, et al., ) | NO. 1:09-CV-01560 AWI GSA |
| ) | |
| Plaintiffs, ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTION TO DISMISS |
| v. ) | |
| ) | ORDER FOR PLAINTIFFS TO SHOW |
| ) | CAUSE WHY THIS ACTION |
| JAMES TOURNER, et al., ) | SHOULD NOT BE DISMISSED FOR |
| ) | PLAINTIFFS' FAILURE TO SERVE |
| Defendants. ) | DEFENDANT TOURNER |
| ) | |
| _____ ) | (Document #21) |

**BACKGROUND**

On September 1, 2009, Plaintiffs filed a complaint for damages pursuant to 42 U.S.C. § 1983. Plaintiffs allege that Defendants unreasonably seized them in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

Defendant City of Fresno was served with the complaint on April 5, 2010, 216 days after the complaint was filed. On May 18, 2010, Plaintiffs served Defendants Dyer, Medina, Ovalle, and the Fresno Police Department.[1]

On April 26, 2010, Defendant City of Fresno filed a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because the complaint was not served within the

---

[1] It appears Plaintiffs also attempted to served Defendant James Tourner at the Fresno Police Department. Defendant Tourner has not made an appearance in this action.

120 day time limit required by Rule 4(m) of the Federal Rules of Civil Procedure. On July 15, 2010, the court denied Defendant City of Fresno's motion.  The court retroactively extended Rule 4(m)'s service period as to Defendant City of Fresno to April 5, 2010.

On June 4, 2010, Defendants filed a motion to dismiss.  Defendants contend the complaint was not served on Defendants Dyer, Medina, Ovalle, and the Fresno Police Department as required by Rule 4(m).   Defendants also contend that the complaint fails to state sufficient facts to sustain a Fourth Amendment claim for false arrest.

On July 1, 2010, Plaintiffs filed an opposition.  Plaintiffs contend that Defendants' motion ignores the fact that Plaintiffs, prior to being identified as the attackers, advised Defendants they had not participated in the attack and were at another location.    Plaintiffs argue that had Defendants investigated, no arrest would have occurred.  On July 8, 2010, Plaintiffs field a supplemental opposition in which they provide cases where courts have found a lack of probable cause because an officer did not interview witnesses.

On July 12, 2010, Defendants filed a reply brief.

## LEGAL STANDARDS

**A.  Rule 12(b)(5)**

The court can dismiss a complaint for failure to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Rule 4(m) permits a district court to grant an extension of time to serve the complaint. Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003).   The court may even extend "time for

2

service retroactively after the 120 day service period has expired." U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 772 (9th Cir. 2004); Mann, 324 F.3d at 1090.  If the plaintiff shows good cause for failing to service, the court is required to extend the time period. Lemoge v. U.S., 587 F.3d 1188, 1198 (9th Cir. 2009); Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007).  If there is no good cause, the court has discretion to either dismiss the complaint without prejudice or to extend the time period to serve the complaint.  Lemoge, 587 F.3d at 1198;  Efaw, 473 F.3d at 1040.  The court has broad discretion under Rule 4(m) to extend time for service even without a showing of good cause.  Efaw, 473 F.3d at 1040;  2,164 Watches, 366 F.3d at 772.  In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.  Scott v. Sebelius,  2010 WL 1972077, at *1 (9th Cir. 2010); Efaw, 473 F.3d at 1041.

**B.  Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party.  Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The court must also assume that general allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir.

2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

# FACTS

**A. Facts Alleged in the Complaint**

The complaint alleges that Plaintiffs are residents of the County of Sacramento. The complaint alleges that at the time of the incident they were employed by Environmental Development Group, a company based out of Sacramento, California. The complaint alleges that Plaintiffs were in Fresno as a work crew, and they were doing work at local Fresno Walmart stores. The complaint alleges that Plaintiffs were staying at the Econo Lodge Motel while working in Fresno.

The complaint alleges that on March 5, 2008, at approximately 11:30 p.m., Defendant James Tourner was playing pool with his girlfriend at the Diamond Billiards, in Fresno, California. The complaint alleges that Defendant Tourner was attacked by a Hispanic Male. The Hispanic male was accompanied by four other Hispanic males. After the altercation, the Hispanic males left Diamond Billiards. The complaint alleges that Defendant Police Officers Medina and Ovalle responded to the scene at Diamond Billiards, and then they went looking for suspects.

The complaint alleges that on the night of March 5, 2008, Plaintiffs walked from the Econo Lodge Motel to an establishment called "The Other Bar" to watch an NBA basketball game. The complaint alleges that while Plaintiffs were walking back to the motel, Plaintiffs were detained by Defendants Medina and Ovalle. Defendants Medina and Ovalle called Defendant Tourner to the location. The complaint alleges that Defendant Tourner mis-identified Plaintiff Sigala as the person who hit him and the other four Plaintiffs as the other four Hispanics who were at the Diamond Billiards.

The complaint alleges Defendants Medina and Ovalle failed to investigate further as to whether Plaintiffs had been at the Diamond Billiards. The complaint alleges Plaintiffs informed Defendants Medina and Ovalle that they had been at "The Other Bar" watching the basketball game. The complaint alleges Defendants Medina and Ovalle failed to investigate whether Plaintiffs had been at "The Other Bar." The complaint alleges that had Defendants Medina and

Ovalle properly investigated Plaintiffs' statements, they would have discovered that Plaintiffs had an alibi. The complaint alleges that witnesses at Diamond Billiards stated the actual attackers were younger than Plaintiffs and Plaintiff's clothing did not match the clothing worn by the actual attackers.

The complaint alleges that because Defendants Medina and Ovalle failed to properly investigate, Plaintiffs were wrongly arrested, taken into custody, and charged with Assault with a Deadly Weapon. The complaint alleges that at the time Defendants arrested Plaintiffs, they had no probable cause to believe that Plaintiffs had committed the assault and battery.

The complaint alleges that four Plaintiffs spent two weeks in custody at the Fresno County Jail.

The complaint alleges that charges were filed by the Fresno District Attorney against all Plaintiffs. The complaint alleges that on April 16, 2008, at the Plaintiffs' preliminary hearing, the Fresno District Attorney's Office dismissed the charges.

The complaint alleges that all Plaintiffs lost their employment with the Environmental Development Group as a consequence of their arrest. The complaint alleges that, because of the lost wages, Plaintiffs suffered severe economic losses, ranging from eviction from their dwellings and being late with their payments to their creditors, along suffering the stigma of being arrested for a crime they did not commit.

The complaint alleges that the Fresno City Council makes policy for Defendant City of Fresno on the use of reasonable and lawful arrests. The complaint alleges that the Fresno City Counsel Members were aware of a pattern of unreasonable and unlawful arrests by police officers and were aware that the city's policies regarding the discipline of officers accused of unreasonable and unlawful arrests were so inadequate that it was obvious further incidents of unreasonable and unlawful arrests would occur. The complaint alleges that the failure to correct said policies caused the unreasonable and unlawful arrests of Plaintiffs as set forth above. The complaint alleges that Defendants Medina and Ovalle were acting under the direction and control

of Defendants Dyer and Defendant City of Fresno.  The complaint alleges Defendants Medina and Ovalle were acting pursuant to the official policy, practice, or custom of Defendant City of Fresno.

**B. Facts Pertaining to Service**

The incident underlying this action took place on March 5, 2008.

Daniel L. Harralson is the attorney of record for Plaintiffs.  Attorney Harralson took basic information about the underlying incident from Plaintiffs in 2008.  Between the time Attorney Harralson's Office signed Plaintiffs as clients and the filing of the complaint, Attorney Harralson's Office lost contact with Plaintiffs.

On September 1, 2009, Attorney Harralson, on behalf of Plaintiffs, filed the complaint.  Attorney Harralson filed the complaint in order to protect Plaintiffs' statute of limitations.

Until February or March 2010, Attorney Harralson was uncertain whether Plaintiffs still wanted Attorney Harralson to represent them in this action because his office had lost contact with Plaintiffs.

Once Attorney Harralson made contact with Plaintiffs, Attorney Harralson instructed his office to serve Defendants.  Plaintiffs served Defendant City of Fresno with the complaint on April 5, 2010.  Plaintiffs served the remaining Defendants, except for Defendant Tourner, on May 18, 2010.

## DISCUSSION

**A. Motion to Dismiss for Late Service - Rule 12(b)(5)**

Defendants contend this action should be dismissed because Defendants Dyer, Medina, Ovalle, and the Fresno Police Department were not served with the complaint within 120 days.  Plaintiffs contend their late service should be excused.

Even if there is an absence of good cause in this action, the court will not dismiss for late service.  In this case, Plaintiffs' Attorney has provided evidence that he lost contact with his clients and filed the action in an attempt to preserve Plaintiffs' statute of limitations.  The fact

Plaintiffs cannot re-file this action is a ground to excuse the late service.  See Lemoge, 587 F.3d at 1198 (holding relief was appropriate under Rule 4(m) in light of the plaintiffs being time-barred from re-filing their action).  In addition, the delay is not extensive.  While 259 days to serve Defendants is lengthy, it is not so long that Defendants' ability to defend this case has been compromised by a lengthy passage of time.  There is no argument or evidence that pertinent records have been destroyed or relevant witnesses can no longer remember the events underlying this action.  Thus, the court sees little prejudice to Defendant City of Fresno based on Plaintiffs' service delay.  See Efaw, 473 F.3d at 1041 (finding district court abused its discretion in extending service after a seven year delay).  Therefore, the court concludes that relief under Rule 4(m) is appropriate.  Thus, this action will not be dismissed for late service.

**B.   Motion to Dismiss for Failure to State a Claim - Rule 12(b)(6)**

In this action, Plaintiffs contend that they were denied their right to freedom from seizure without a warrant and without probable cause as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.  Defendants contend that Defendants Medina and Ovalle had probable cause to arrest Plaintiffs because Defendant Tourner identified Plaintiffs as the subjects who had assaulted him.

The Fourth Amendment requires police officers to have probable cause before making a warrantless arrest.  Beck v. Ohio, 379 U.S. 89, 91 (1964); Ramirez v. City of Buena Park, 560 F.3d 1012, 1023 (9th Cir.2009).  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." Rodis v. City & County of San Francisco, 558 F.3d 964, 969 (9th Cir.2009); John v. City of El Monte, 515 F.3d 936, 940 (9th Cir. 2008). Courts look to the totality of the circumstances known to the arresting officers, to determine if a prudent person would have concluded there was a fair probability that the defendant had committed a crime.  Crowe v. County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010); John, 515 F.3d at 940; Hart v. Parks, 450 F.3d 1059, 1066 (9th Cir. 2006).

"The probable cause standard is incapable of precise definition or quantification" and is "a fluid concept-turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules." Rodis, 558 F.3d at 969. "While conclusive evidence of guilt is not necessary to establish probable cause, mere suspicion, common rumor, or even strong reason to suspect are not enough." Ramirez, 560 F.3d at 1023. Except for the element of specific intent, "probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." Rodis, 558 F.3d at 969.   "As a corollary ... of the rule that the police may rely on the totality of facts available to them in establishing probable cause, they also may not disregard facts tending to dissipate probable cause." Ramirez, 560 F.3d at 1023-24. Nevertheless, the "fact that other inferences are possible does not mean that there is a triable issue of fact as to whether there was probable cause." Hart, 450 F.3d at 1067. "[L]aw enforcement officers do not have to rule out the possibility of innocent behavior." Ramirez, 560 F.3d at 1024. Probable cause for an arrest can still exist where an officer makes an erroneous arrest by relying on a reasonable mistake of fact. Weinstein v. City of Eugene, 337 Fed.Appx. 700, 701, 2009 WL 2017327, at *1 (9th Cir. 2009); Beier, 354 F.3d at 1065.

    After Defendants Medina and Ovalle responded to the attack on Defendant Tourner, Defendants Medina and Ovalle left to search for suspects.   Plaintiffs were walking nearby. After Plaintiffs were detained, Defendant Tourner identified Plaintiff Sigala as the person who had hit him and the other four Plaintiffs as the people with the person who hit him.   Given the time and location at which Plaintiffs were found, along with the victim's identification, the totality of circumstances would have lead a prudent person to conclude there was a fair probability Plaintiffs had committed the crime.

    Plaintiffs are correct that had Defendants Medina and Ovalle gone to "The Other Bar" while Plaintiffs were still detained they most likely would have discovered Plaintiffs could not have attacked Defendant Tourner.   However, This court must focus on the facts known to

9

Defendants Medina and Ovalle at the time of the arrest.  The court concludes that a reasonable officer confronted with the facts and circumstances known to Defendants at the time of Plaintiffs' arrest would have determined that probable cause existed for the arrest.   Although later alibi evidence cleared Plaintiffs, the alleged facts show that the arresting officers acted reasonably and in good faith.  "[A] law enforcement officer is not required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." Broam v. Bogan, 320 F.3d 1023, 1032 (9th Cir. 2003).

Case law supports the court's conclusion.  For example, in Romero v. Fay, 45 F.3d 1472 (10th Cir. 1995), witnesses implicated the plaintiff as a murder suspect. Id. at 1474.  After murder charges were dropped against the plaintiff, he filed a Section 1983 case in which he alleged the police offer lacked probable cause to arrest him.  The plaintiff contended that regardless of whether the statements provided by the witnesses supplied probable cause for the police officer to arrest the plaintiff, a reasonable police officer should have investigated the plaintiff's alibi witnesses before arresting him because the exculpatory information would have negated any probable cause to arrest. Id. at 1476.  The Tenth Circuit disagreed, stating:

> . . . the cases cited by Plaintiff do not support his broad proposition that a police officer who interviews witnesses and concludes probable cause exists to arrest violates the Fourth Amendment by failing to investigate the defendant's alleged alibi witnesses. Instead, the cases state that the probable cause standard of the Fourth Amendment requires officers to reasonably interview witnesses readily available at the scene, investigate basic evidence, or otherwise inquire if a crime has been committed at all before invoking the power of warrantless arrest and detention.

Id. at 1476-77.  Once an officer concludes that there is probable cause to arrest, an officer is not required to reassess his probable conclusion at every turn, whether faced with the discovery of some new evidence or a suspect's self-exonerating explanation from the back of the squad car. Thompson v. Olson, 798 F.2d 552, 556 (1st Cir. 1986); accord Baker v. McCollan, 443 U.S. 137, 145-46 (1979) ("we do not think a sheriff executing an arrest warrant is required by the

Constitution to investigate independently every claim of innocence . . . ."); Olinger v. Larson, 134 F.3d 1362, 1367 (8th Cir. 1998) (detective had "no obligation to immediately investigate [plaintiff's] asserted alibi evidence prior to the probable cause hearing").  Here, the court finds that Defendants Medina and Ovalle had probable cause to arrest Plaintiffs. There are no facts showing that the initial determination of probable cause was unreasonable.  This finding negates Plaintiff's Fourth and Fourteenth Amendment cause of action against Defendants Medina and Ovalle, and the causes of action against Defendants Medina and Ovalle must be dismissed.

      Because Defendants Medina and Ovalle did not violate Plaintiffs' constitutional rights, Plaintiffs' claims against the remaining Defendants also fail.  The remaining Defendants liability is based on allegations that policy making Defendants were aware of a pattern of unreasonable and unlawful arrests by police officers and were aware that the Defendant City of Fresno's policies regarding the discipline of officers accused of unreasonable and unlawful arrests were so inadequate that it was obvious further incidents of unreasonable and unlawful arrests would occur.  The complaint alleges Defendants Medina and Ovalle were acting pursuant to this official policy, practice, or custom.  Because Plaintiffs cannot show a constitutional violation by Defendants Medina and Ovalle, Plaintiffs cannot show that the remaining Defendants' policy, practice, or custom was the moving force behind the constitutional violation. See McSherry v. City of Long Beach, 584 F.3d 1129, 1147 (9th Cir. 2009).  "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the [constitutionally violation] is quite beside the point." City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam).  Thus, the cause of action against Defendants City of Fresno, Dyer, and Fresno Police Department must be dismissed.

      This court is not without sympathy for Plaintiffs and the drastic consequences that arose from Plaintiffs' arrest.  Unfortunately, "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present." Anderson v. Creighton, 483 U.S. 635, 641 (1987).  "The Constitution does not guarantee that only the guilty

11

will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released." <u>Baker</u>, 443 U.S. at 145 (1979).   The issue in this action is not whether Defendants were inattentive or could have conducted a faster investigation. Because the court has no choice but to find Defendants Medina and Ovalle had probable cause to arrest Plaintiffs, Plaintiffs' Fourth and Fourteenth Amendment claims fail.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendants' motion to dismiss is GRANTED;
2. Defendants City of Fresno, Medina, Ovalle, Dyer, and Fresno Police Department are DISMISSED;
3. By September 20, 2010, Plaintiffs are ordered to show cause why Defendant Tourner should not be dismissed from this action pursuant to Rule 4(m) and this action closed; and
4. Plaintiffs are forewarned that failure to respond tot he court's order to show cause and show service upon Defendant Tourner will result in this action being closed.

IT IS SO ORDERED.

Dated:     August 30, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE