IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN ACOSTA, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JAMES TOURNER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | NO. 1:09-CV-01560 AWI GSA <br><br> ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO RESPOND TO THE COURT'S ORDER <br><br> (Document #32) |

On September 1, 2009, Plaintiffs filed a complaint for damages pursuant to 42 U.S.C. § 1983. Defendant City of Fresno was served with the complaint on April 5, 2010, 216 days after the complaint was filed. On May 18, 2010, Plaintiffs served Defendants Dyer, Medina, Ovalle, and the Fresno Police Department.[1]

On April 26, 2010, Defendant City of Fresno filed a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because the complaint was not served within the 120 day time limit required by Rule 4(m) of the Federal Rules of Civil Procedure. On July 15, 2010, the court denied Defendant City of Fresno's motion, and found service appropriate.

On June 4, 2010, Defendants filed a motion to dismiss. Included in this motion, Defendants contended the complaint was not served on Defendants Dyer, Medina, Ovalle, and

---

[1] It appears Plaintiffs also attempted to served Defendant James Tourner at the Fresno Police Department. Defendant Tourner has not made an appearance in this action.

the Fresno Police Department as required by Rule 4(m).  On August 31, 2010 the court granted Defendants' motion to dismiss and dismissed Defendants City of Fresno, Medina, Ovalle, Dyer, and Fresno Police Department.  The court ordered Plaintiffs to show cause why Defendant Tourner should not be dismissed from this action pursuant to Rule 4(m) and this action closed.  The court warned Plaintiffs that failure to respond tot he court's order to show cause and show service upon Defendant Tourner will result in this action being closed.

## LEGAL STANDARDS

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss an action for lack of prosecution the court must consider several factors "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).   "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

## DISCUSSION

The court finds that dismissal for Plaintiff's failure to prosecute is appropriate in this action.  "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending for a year and a half.  The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case.  The court's limited resources must be spent on cases in which the litigants are actually proceeding.  Thus, both the public's interest

in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. Pagtalunan, 291 F.3d at 642. Here, the docket indicates that Plaintiff no longer wishes to proceed with this action. Defendant does not appear to have any remaining interest in litigating this action. As such, any risk of prejudice to Defendant is absent.

As for the availability of lesser sanctions, there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scare resources. The court's warning "that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." In re PPA, 460 F.3d at 1229; Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001). Here, Plaintiff has been warned that dismissal for lack of prosecution would result if appropriate documents were not submitted. The availability of less drastic sanctions has been considered, but given that Plaintiff did not comply with the court's order and has not contacted the court, the court has no effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal. Pagtalunan, 291 F.3d at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re PPA, 460 F.3d at 1228. The court finds this factor has little weight in an action such as this one where the Plaintiff has essentially abandoned the case and has been unable or unwilling to proceed with the action. Thus, the court finds that dismissal is appropriate in this action.

**ORDER**

Accordingly, the court ORDERS that:

    1.    This action is DISMISSED; and

    2.    The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   February 15, 2011

CHIEF UNITED STATES DISTRICT JUDGE